| | |
|---|---|
| **ANGELA ROBERSON,** | § |
| *Plaintiff,* | § § § |
| v. | § Civil Action No. _____ § § |
| **NL INVESTMENTS, L.L.C.; 1623 CORPORATION; and NEAL B. SCOTT** | § **JURY TRIAL DEMANDED** § § |
| *Defendants.* | § § |

## ORIGINAL COMPLAINT

Plaintiff Angela Roberson ("Roberson") brings this action against NL Investments, L.L.C.; 1623 Corporation; and Neal B. Scott (collectively "Defendants") to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is an action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff Roberson worked for Defendants as a Property Manager.

3. Defendants improperly classified Plaintiff Roberson as exempt from overtime.

4. Although Plaintiff Roberson routinely worked (and continues to work) in excess of forty (40) hours per workweek, Plaintiff Roberson was not (and currently is not) paid overtime of at least one and one-half her regular rate for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Defendants not to pay overtime compensation to Plaintiff Roberson was neither reasonable nor in good faith.

6. Defendants knowingly and deliberately failed to compensate Plaintiff Roberson overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff Roberson did not (and currently does not) perform work that meets the definition of exempt work under the FLSA.

8. Defendants knowingly and deliberately misclassified Plaintiff Roberson as an exempt employee not entitled to overtime compensation.

9. Plaintiff Roberson therefore seeks to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## II.
## THE PARTIES

10. Plaintiff Angela Roberson ("Roberson") was employed by Defendants during the relevant time period. Plaintiff Roberson did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. Defendant NL Investments, L.L.C. ("NL Investments") is a Texas limited liability company, licensed to and doing business in the state of Texas, and may be served through its registered agent for service of process: **Neal B. Scott, 1623 Dumas Drive, Amarillo, Texas 79107.**

12. Defendant 1623 Corporation ("1623 Corporation") is a domestic for-profit corporation, licensed to and doing business in the State of Texas and may be serve through its registered agent for service process: **Neal B. Scott, 1623 Dumas Drive, Amarillo, Texas 79107.**

---

[1] The written consent of Angela Roberson is attached hereto as Exhibit "A."

13. Defendant Neal B. Scott ("Scott") is the Managing Member of Defendant NL Investments and the President and Director of Defendant 1623 Corporation. Defendant Scott is an employer as defined by 29 U.S.C. § 203(d). Defendant Scott may be served at **1623 Dumas Drive, Amarillo, Texas 79107, or wherever he may be found.**

14. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They had common ownership, oversight and control over Plaintiff Roberson. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

15. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

17. Venue is proper in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Defendants' corporate headquarters are located in Amarillo, Texas and Plaintiff Roberson worked for Defendants in Amarillo, Texas, all of which is located within this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.
### ADDITIONAL FACTS

20. Defendants jointly operate approximately twenty-seven (27) apartments and houses as well as a storage facility in the Amarillo area.

### *Defendants are Joint Employers*

21. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

22. Defendants directly or indirectly hired Plaintiff Roberson.

23. Defendants controlled Plaintiff Roberson's work schedules and conditions of employment.

24. Defendants determined Plaintiff Roberson's rate and method of payment of wages.

25. Defendants maintained control, oversight, and direction over Plaintiff Roberson, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

26. Defendants mutually benefitted from the work performed by Plaintiff Roberson.

27. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff Roberson.

28. Defendants shared the services of Plaintiff Roberson.

29. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff Roberson.

30. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

31. Defendants had the power to hire and fire Plaintiff Roberson.

32. Defendants maintained Plaintiff Roberson's employment records.

33. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

34. Plaintiff Roberson was employed by Defendants as a Property Manager from approximately August 2007 until November 2021

35. Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to the Plaintiff Roberson.

36. Plaintiff Roberson was paid a salary but no overtime.

37. Plaintiff Roberson was at times paid a salary which was less than $684.00 per week. *See* 29 C.F.R. § 541.

38. Plaintiff Roberson conducts her day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by Defendants.

39. Specifically, Plaintiff Roberson assisted Defendants' customer with issues with rental properties, orders repairs, collects rent, clean properties, and acted as a security guard at the storage unit(s).

40. Plaintiff Roberson completed her work within designed parameters and in accordance with pre-determined plans created by Defendants.

41. Plaintiff Roberson was not permitted to deviate from these parameters or plans and did not exercise discretion and independent judgment with respect to matters of significance.

42. Instead, Plaintiff Roberson performed work directly related to the production side of Defendants' business—that is, she directly assists renters with their needs.

43. Nor did Plaintiff Roberson exercise discretion or independent judgment with respect to matters of significance.

44. Plaintiff Roberson instead performed manual labor and routine tasks.

45. Plaintiff Roberson's duties also did not include managerial responsibilities or the exercise of independent discretion or judgment.

46. Plaintiff Roberson did not have the authority to hire or fire other employees, and was not responsible for making hiring or firing recommendations.

47. Plaintiff Roberson was not responsible for setting schedules or rates of pay.

48. Plaintiff Roberson could not deviate from Defendants' requirements or instructions without permission.

49. Plaintiff Roberson typically worked approximately eighty (80) to one hundred (100) hours per week.

50. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

51. Plaintiff Roberson regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

52. Although it is well-known that production-side workers like Plaintiff Roberson are ***not*** exempt from overtime, Defendants did not pay Plaintiff Roberson the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

53. Defendants applied this pay practice despite clear and controlling law that states that the routine and manual labor duties which were performed by Plaintiff Roberson consisted of ***non-exempt*** work.

54. Because Defendants did not pay Plaintiff Roberson time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION

**A. FLSA COVERAGE**

55. Paragraphs 1–54 are fully incorporated herein.

56. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

57. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

58. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

59. Specifically, Defendants operate on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

60. During the respective periods of Plaintiff Roberson's employment by Defendants, Plaintiff Roberson provided services for Defendants that involved interstate commerce for purposes of the FLSA.

61. In performing the operations hereinabove described, Plaintiff Roberson was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

62. Specifically, Plaintiff Roberson was a non-exempt Property Manager who assisted Defendants' customers. 29 U.S.C. § 203(j).

63. At all times hereinafter mentioned, Plaintiff Roberson was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

64. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

65. Plaintiff Roberson has suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff Roberson would be able to precisely calculate damages.

66. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff Roberson the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

67. Defendants knew or should have known their pay practices were in violation of the FLSA.

68. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

69. Plaintiff Roberson, on the other hand, was an unsophisticated laborer who trusted Defendants to pay her according to the law.

70. The decision and practice by Defendants to not pay Plaintiff Roberson overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

71. Accordingly, Plaintiff Roberson is entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

# VI.
# RELIEF SOUGHT

72. Plaintiff Roberson respectfully prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff Roberson and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Roberson;

    b. For an Order awarding the costs and expenses of this action;

    c. For an Order awarding attorneys' fees;

    d. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    e. For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 10, 2022                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
        **Clif Alexander**
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson**
        Texas Bar No. 24045189
        austin@a2xlaw.com
        **Carter T. Hastings**
        Texas Bar No. 24101879
        carter@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

**THE WARNER LAW FIRM**

By:     /s/ *Michael A. Warner*
        **Michael A. Warner**
        Texas Bar No. 20872700
        mike@thewarnerlawfirm.com
        101 SE 11th Ave, STE 301
        Amarillo, Texas 79101
        Telephone: (806) 553-2994
        Facsimile: (866) 397-9054

        *Attorneys for Plaintiff*